## SPERRY v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. STREET RAILROADS (§ 118*)—ACTIONS—INSTRUCTIONS—STANDARD OF CARE.

An instruction that, when a pedestrian attempts to cross a street car track at such a distance from an approaching car that he has reasonable ground to suppose that he will be able to cross, it is the driver's duty to give him a reasonable opportunity to cross, made the pedestrian's reasonable ground for belief, and not his supposition, the standard of his care.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 118.*]

2. STREET RAILROADS (§ 118*)—ACTIONS—INSTRUCTIONS ON SPECIFIC FACTS.

The instruction did not exclude all elements of fact except the pedestrian's approach to the track, as the requirement that he have reasonable ground to suppose he could cross included the distance of the car, its speed, etc.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 118.*]

3. TRIAL (§ 285*)—INSTRUCTIONS—SUFFICIENCY.

In determining the sufficiency of instructions their substance should be considered, and refined distinctions should not be indulged in.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 698; Dec. Dig. § 285.*]

4. TRIAL (§ 252*)—INSTRUCTIONS—ABSTRACT INSTRUCTIONS.

Instructions should be on the concrete facts, and requests to charge abstract propositions of law should not be made.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

Appeal from Trial Term, Westchester County.

Action by Abigail Sperry, an infant, by John Sperry, guardian ad litem, against the Union Railway Company of New York City. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

Bayard H. Ames (Walter Henry Wood, on the brief), for appellant. John B. Stanchfield, for respondent.

GAYNOR, J. The instruction of the court to the jury excepted to is as follows:

"When one attempts to cross the tracks of a street car and has approached the track at such a distance from an approaching car that he has reasonable ground to suppose that he will be able to cross the track, it is the duty of the street car driver to give him a reasonable opportunity to cross, and if for that purpose it is necessary for him to check the speed of the car or even stop the car entirely for a short space, it is his duty to do it, and the person crossing the track has the right, without being charged with contributory negligence, to assume that that duty will be performed."

It is urged that this makes what the plaintiff supposed the standard of due care by her. But that is not so. The language is directly the opposite, viz.:

"When one attempts to cross the tracks of a street car and has approached the track at such a distance from an approaching car that he has reasonable ground to suppose," etc.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is not that he supposes, etc., but that he has reasonable ground to suppose. It is also urged that the instruction is erroneous because it excludes every element or fact except that the person has "approached" the track, and the distance of the car, and tests his contributory negligence by these alone. By no means; it excludes nothing. The test put by the instruction is that the pedestrian have "reasonable ground to suppose" he can pass in safety, and that embraces the distance of the car, its speed—in fine, everything. It will not do to finesse with the charges of trial judges. Controlling regard should be had to the substance, even in the rough, rather than to fine distinctions which those who seek to make them find our language scarcely flexible enough to express. This instruction was given at the request of the plaintiff's attorney. Requests to charge such abstract propositions should not be made. The charge to the jury and requests to charge should be based on the concrete facts of the case. A charge is not to be a mere legal essay.

The judgment should be affirmed.

Judgment and order affirmed, with costs. WOODWARD, RICH, and MILLER, JJ., concur. JENKS, J., votes for reversal, on the ground of error in the charge of the court at folios 206 and 207 of the record.